UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KELLY D. EBMEYER,
    Plaintiff,

vs.                                        14-1166

K. AKPORE, et.al.,
    Defendants.

## MERIT REVIEW ORDER

    This cause is before the court for a merit review of the Plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. This hearing was originally scheduled for telephone conference call, but the Plaintiff had been moved to a different correctional facility and the hearing was canceled.

    The Plaintiff, a *pro se* prisoner, has filed his lawsuit pursuant to 28 U.S.C. §1983 against three Defendants at Henry Hill Correctional Center including Warden K. Akpore, Wexford Health Sources and Dentist Jackson. The Plaintiff first alleges the Defendants have violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. The Plaintiff says he filled out several requests to see the dentist, but his requests were ignored. The Plaintiff says he was left to suffer with tooth pain, bleeding and swelling. The Plaintiff also claims the medical provider, Wexford Helath Source, has a policy or practice of denying dental care to inmates.

    The Plaintiff has clearly stated a violation of his Eighth Amendment rights, but it is not entirely clear if he has identified the correct Defendants. A defendant cannot be held liable under 42 USC §1983 unless a Plaintiff can demonstrate the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). A causal connection, or affirmative link, between the misconduct complained of and the official sued is necessary. *Rizzo v Goode*, 423 U.S. 362, 271 (1976). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* or supervisor liability does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).

    For purposes of notice pleading, the Plaintiff has stated an individual capacity claim against Defendant Jackson and an official capacity claim against Defendant Wexford, but he has failed to articulate any claim against Defendant Warden Akapore. The Plaintiff is admonished he must identify the individuals who knew he needed dental care and refused to provide that care.

The Plaintiff also claims he was retaliated against, but does not identify any specific Defendant who was responsible for the retaliation. To prevail on a First Amendment claim, the Plaintiff must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir.2009). Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *Walker,* 288 F.3d 1005; *De Walt v. Carter*, 224 F.3d 607 (7th Cir.2000); *Babcock v. White*, 102 F.3d 267 (7th Cir.1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir.1988). If the Plaintiff wishes to file amended complaint clarifying this claim, he must state when he filed his grievance, what specific individual(s) retaliated against him, how they retaliated against him and when the retaliation took place. The Plaintiff is admonished that any motion to amend his complaint must include a complete, proposed amended complaint including all claims against all defendants. The amended complaint must not make reference to any previous complaint or filing. This prevents confusion over intended claims and parties.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges Defendants Dr. Jackson and Wexford Health Source violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition, tooth pain. The claim is stated against Defendant Jackson in his individual capacity and against Defendant Wexford in its official capacity. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

10) Any motion to amend the complaint must be filed within 21 days of this order.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Akapore for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on Defendants pursuant to the standard procedures; 3) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 4) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**2) It is ordered that if a Defendant fails to sign and return a waiver of service for the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 17th day of June, 2014.

s/Harold A. Baker

_____
HAROLD BAKER
UNITED STATES DISTRICT JUDGE